IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| KATIE MOELLER, on behalf of herself and all persons similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　　Defendant. | CASE NO. 3:22-CV-00013-SHL-HCA<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

## ANSWER

Defendant Samsung Electronics America, Inc. ("SEA") submits the following as its Answer.

### INTRODUCTION

1. SEA states that this is how Plaintiff Katie Moeller ("Plaintiff") purports to summarize her case, and therefore no response is required. To the extent a response is required, SEA denies the allegations of paragraph 1.

2. SEA admits that it sells, supplies and distributes consumer home appliances. SEA does not accept or adopt Plaintiff's definition of "Home Appliances" as used in the Complaint.

3. SEA admits that it offers an express limited manufacturer's warranty with consumer home appliances that it sells, supplies and distributes, and that it warrants appliances "against manufacturing defects in materials or workmanship" for varying coverage periods. SEA does not accept or adopt Plaintiff's definition of "Warranty" as used in the Complaint.

1

## PARTIES, JURISDICTION, AND VENUE

4. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 4.

5. SEA admits that it is a corporation organized under the laws of the State of New York. SEA denies that its "home office" is located at 105 Challenger Road, Ridgefield Park, New Jersey, 07660. SEA's office is located at 85 Challenger Road, Ridgefield Park, New Jersey, 07660.

6. SEA admits that its products are sold in the State of Iowa, including Johnson County, Iowa, and that it is registered with the Iowa Secretary of State to conduct business in Iowa. SEA is without sufficient information to interpret Plaintiff's allegation regarding "all relevant times." Therefore, SEA denies all remaining allegations in paragraph 6.

7. SEA admits that it sells and distributes consumer home appliances through several retailers in Iowa, including Best Buy, Lowe's, and Home Depot, but SEA otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. SEA admits the allegations of paragraph 8.

9. SEA admits the allegations of paragraph 9.

10. SEA admits that it sells and distributes consumer home appliances with an express limited manufacturer's warranty that are purchased by consumers residing in Johnson County, Iowa. SEA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10. SEA states, however, that it rarely sells home appliances, such as the dishwasher that is the subject of Plaintiff's Complaint, directly to consumers.

11. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. SEA admits that jurisdiction is proper in this Court. SEA denies any remaining allegations in paragraph 12..

## FACTUAL BACKGROUND

13. SEA denies the allegations of paragraph 13.

14. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18, except SEA admits that the image in paragraph 18 accurately reflects an excerpt of Exhibit 1.

19. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20. SEA admits that on March 23 and March 24, 2021, Plaintiff spoke with SEA customer service representatives regarding a purported problem with a Samsung dishwasher she allegedly owns. SEA otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 20.

21. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24. SEA denies the allegations of paragraph 24.

25. SEA denies the allegations of paragraph 25.

26. SEA denies the allegations of paragraph 26.

27. SEA admits that warranty information for Samsung consumer home appliances is available online. SEA admits that warranty information for some Samsung consumer home appliances is attached to the Complaint as Exhibit 3. SEA denies that those warranties are relevant to this action following the Court's order granting in part SEA's motion to dismiss. SEA denies any remaining allegations in paragraph 27.

28. SEA denies the allegations of paragraph 28.

29. SEA admits that the image in paragraph 29 accurately reflects an excerpt of Exhibits 1 and 3.

30. SEA admits that the image in paragraph 30 accurately reflects an excerpt of Exhibits 1 and 3.

31. SEA admits that the documents attached to the Complaint as Exhibit 1 and Exhibit 3 condition the offer of in-home service in some regions on the requirement that Samsung authorized servicers in that area. SEA denies any remaining allegations in paragraph 31.

32. SEA denies the allegations of paragraph 32, and further states that at least one Samsung authorized service center located in Davenport, Iowa performs in-home service calls for Samsung appliances in Johnson County, Iowa.

4877-2889-6563, v. 1

33. SEA denies the allegations of paragraph 33.

34. SEA admits the allegations of paragraph 34.

35. SEA denies the allegations of paragraph 35, except SEA admits that its website allows customers to search for Samsung Repair Centers.

36. SEA denies the allegations of paragraph 36, and further states that at least one Samsung authorized service center located in Davenport, Iowa performs in-home service calls for Samsung appliances in Johnson County, Iowa.

37. SEA denies the allegations of paragraph 37.

38. SEA admits that paragraph 38 accurately reflects an excerpt of Exhibit 1.

39. SEA states that paragraph 39 alleges legal conclusions to which no response is required.  Insofar as a response is required, SEA denies the allegations of paragraph 39.

40. SEA denies the allegations of paragraph 40.

41. SEA states that paragraph 41 alleges legal conclusions to which no response is required.  Insofar as a response is required, SEA denies the allegations of paragraph 41.

42. SEA states that paragraph 42 alleges legal conclusions to which no response is required.  Insofar as a response is required, SEA denies the allegations of paragraph 42.

## CLASS ALLEGATIONS

43. SEA denies the allegations of paragraph 43, except SEA admits that Plaintiff purports to bring this case as a putative class action on behalf of the members described in paragraph 43.

44. SEA states that paragraph 44 alleges legal conclusions to which no response is required.

45. SEA denies the allegations of paragraph 45.

46. SEA denies the allegations of paragraph 46.

47. SEA denies the allegations of paragraph 47.

48. SEA denies the allegations of paragraph 48.

49. SEA denies the allegations of paragraph 49.

50. SEA denies the allegations of paragraph 50, including its subparts.

51. SEA denies the allegations of paragraph 51.

52. SEA denies the allegations of paragraph 52.

53. SEA denies the allegations of paragraph 53, including its subparts.

54. SEA denies the allegations of paragraph 54.

55. SEA denies the allegations of paragraph 55.

56. SEA denies the allegations of paragraph 56.

57. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 57.

58. SEA denies the allegations of paragraph 58.

## COUNT I
## IOWA'S PRIVATE RIGHT OF ACTION FOR CONSUMER FRAUDS ACT

59. Paragraph 59 does not require a response because it only incorporates paragraphs 1 through 58.

60. SEA states that paragraph 60 alleges legal conclusions to which no response is required.

61. SEA denies the allegations of paragraph 61.

62. SEA denies the allegations of paragraph 62, including its subparts.

63. SEA denies the allegations of paragraph 63

64. SEA denies the allegations of paragraph 64.

65. SEA denies the allegations of paragraph 65.

66. SEA denies the allegations of paragraph 66.

67. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 67.

WHEREFORE, SEA denies that Plaintiff is entitled to any relief, and requests that judgment be entered in favor of SEA and against Plaintiff, and that SEA be awarded its reasonable attorneys' fees, costs, and expenses, and such other relief as may be just, necessary, or appropriate.

## COUNT II
## BREACH OF CONTRACT

68. Paragraph 68 does not require a response because it only incorporates paragraphs 1 through 67.

69. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 69.

70. SEA lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 70.

71. SEA denies the allegations of paragraph 71.

72. SEA denies the allegations of paragraph 72.

WHEREFORE, SEA denies that Plaintiff is entitled to any relief, and requests that judgment be entered in favor of SEA and against Plaintiff, and that SEA be awarded its reasonable attorneys' fees, costs, and expenses, and such other relief as may be just, necessary, or appropriate.

## JURY DEMAND

SEA admits that Plaintiff is entitled to a jury trial on their breach of contract claim, but denies that Plaintiff is entitled to a trial by jury on their Consumer Frauds Act claim.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiff or as to any element of Plaintiff's claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of its investigation, discovery, preparation for trial, or otherwise, it becomes appropriate to assert such defenses, SEA asserts the following defenses:

### First Affirmative Defense

Plaintiff failed to state any claim against SEA upon which relief can be granted.

### Second Affirmative Defense

Plaintiff and members of the putative class have not sustained or incurred any actual damages and have not sustained any injury-in-fact.

### Third Affirmative Defense

The claims of Plaintiff and members of the putative class may be barred, in whole or in part, because any injuries sustained by Plaintiff and the putative classes were the result of the intervening or superseding conduct of others.

### Fourth Affirmative Defense

The claims of Plaintiff and members of the putative class may be barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

The claims of Plaintiff and members of the putative class may be barred because they refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing any recovery by them against SEA.

4877-2889-6563, v. 1

### Sixth Affirmative Defense

Plaintiff and members of the putative class have failed to sufficiently define the putative class or propose how the class members are ascertainable, and as such they are not entitled to class certification consistent with Federal Rule of Civil Procedure 23 and the applicable case law.

### Seventh Affirmative Defense

This action is not appropriate for class certification, and Plaintiff and members of the putative class cannot establish the essential requirements for class certification consistent with Federal Rule of Civil Procedure 23 and the applicable case law.

### Eighth Affirmative Defense

This action is not appropriate for class certification because the claims of Plaintiff and/or the putative class members necessarily revolve around the individualized inquiry into the purchasing decisions, maintenance and usage practices and habits of Plaintiff and each member of the putative class.

### Ninth Affirmative Defense

The claims of Plaintiff and members of the putative class may be barred, in whole or in part, by the doctrines of laches, equitable estoppel, unclean hands, and unjust enrichment.

### Tenth Affirmative Defense

The claims of Plaintiff and members of the putative class may be barred, in whole or in part, by the applicable statute(s) of limitations or statute(s) of repose.

### Eleventh Affirmative Defense

SEA has not completed its investigation and discovery regarding the facts and claims asserted by Plaintiff. Accordingly, SEA reserves the right to seek leave of Court to add such additional affirmative defenses as necessary based on SEA's ongoing investigation and discovery.

**Twelfth Affirmative Defense**

To the extent Plaintiff and members of the putative class have received replacement appliances or financial compensation for the same, any claim they may have has been compromised and settled through acceptance of the same.

**Thirteenth Affirmative Defense**

To the extent Plaintiff and members of the putative class have received appliances and or financial compensation for the same, any damages they may have suffered have been satisfied through acceptance of the same.

WHEREFORE, SEA respectfully requests that the Court enter an Order:

(1)   dismissing this case;

(2)   declaring that this action may not be maintained as a class action under Rule 23;

(3)   denying Plaintiff's request for injunctive relief;

(4)   awarding SEA its attorneys' fees and costs incurred in defending this action; and

(5)   granting such other relief as the Court deems just and proper.

*/s/ Paul Burns*
PAUL D. BURNS(#AT0001265)
    Email:  pburns@bradleyriley.com
    Direct Dial: (319) 358-5561
DAVID M. CAVES (#AT0012961)
    Direct Dial: (319) 861-8728
    Email: dcaves@bradleyriley.com
JEREMIAH D. JUNKER (#AT0013077)
    Direct Dial: (319) 861-8745
    Email: jjunker@bradleyriley.com
    of
BRADLEY & RILEY PC
Chauncey Building
404 East College Street, Suite 400
Iowa City, IA  52240-3914

MICHAEL J. MUELLER (admitted *pro hac vice*)
   Email: mmueller@HuntonAK.com
   Direct Dial: (305) 810-2524
   of
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave, NW
Suite 900
Washington, DC 20037-1701

THOMAS R. WASKOM (admitted *pro hac vice*)
   Email: twaskom@HuntonAK.com
   Direct Dial: (804) 788-8403
   of
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074

**Attorneys for Samsung Electronics America, Inc.**

Copy to:

Matthew L. Preston
Cara L. Roberts
BRADY PRESTON GRONLUND PC
2735 1st Ave. SE
Cedar Rapids, IA 52402
**-AND-**
Jase Jensen
HOWES LAW FIRM PC
3200 37th Ave. SW
Cedar Rapids, IA 52404
**Attorneys for Katie Moeller**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by EDMS electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 14th day of September, 2022. I declare under penalty of perjury that the foregoing is true and correct.

    /s/*Madison Shimon*